UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT O. WATSON, | ) | CASE NO. 1:07 CV 1994 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GERALD T. MCFAUL, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 3, 2007, pro se plaintiff Robert O. Watson filed this action under 42 U.S.C. § 1983 against Cuyahoga County Sheriff Gerald McFaul. In the complaint, he alleges that the Cuyahoga County Jail no longer provides access to a "legal law services facility." (Compl. at 2.) He seeks $ 800,000,000.00 in damages.

## Background

Mr. Watson's complaint is very brief. In its entirety, it states:

> The defendant(s) have unlawfully abolished the legal service here denying all inmates access. ... Plaintiff, Robert O. Watson Sr. here at the Cleveland County Jail are egregiously being denied any and [sic] access to legal law services facility due to an insidious plan to hinder the endeavors of all County inmates who have struggled, albiet unsuccessfully to work alongside their hostile attorneys. 99% of the attorneys (criminal attorneys) provide unethical representation, fabricating "client interest at heart" simply to line their deep pockets with County money. To unlawfully abrogate a legal service is to blatantly violate the Constitutional Rights of all those living as

> citizens in the United States of America. The legal service has been abolished for approximately 4-6 months by the authority of Sheriff McFaul.

(Compl. at 1-2.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, the claim Mr. Watson intends to assert is not entirely clear from his pleading. It appears that Mr. Watson is contending that the jail no longer has a law library which can be accessed by the detainees, which he claims violates the constitutional rights of all citizens of the United States. He does not provide any legal theory upon which he believes he is entitled to relief. Claims of this nature may be asserted as either a denial of due process during the criminal trial or as a denial of access to courts under the First Amendment. Neither of these causes of action, however, presents a claim upon which relief can be granted based on the facts alleged in the

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

pleading.

The lack of a law library does not deny the accused due process per se. The Fourteenth Amendment is satisfied if a pre-trial detainee, like Mr. Watson, has the assistance of an attorney during the course of his criminal trial. United States v. Smith, 907 F.2d 42, 44 (6th Cir.1990). Notwithstanding Mr. Watson's diatribe on the ethics of attorneys in general, there is no specific allegation in the complaint suggesting that Mr. Watson was denied due process during his criminal proceedings.

Moreover, to state a claim for denial of access to the courts, Mr. Watson must demonstrate that he suffered actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. Id. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[2] Id. at 355. Mr. Watson does not allege any actual injury that has resulted from the lack of jail a law library. He therefore fails to state a claim under the First Amendment.

To the extent that he tended to assert some other type of claim, he has failed to do so. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v.

---

[2] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355.

Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state another federal constitutional claim or claims upon which a § 1983 action could be based.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE